ELECTRONICALLY FILED
2019 Apr 22 5:42 PM
CLERK OF COURT

## IN THE CIRCUIT COURT OF TENNESSEE
### FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS, SHELBY COUNTY

**BRYAN WILLIAMS,**

    **Plaintiff,**

**v.**

**H.H. BROWN SHOE COMPANY, INC.,
d/b/a CAROLINA SHOE COMPANY,**

    **Defendant.**

FILED
APR 2 3 2019
CIRCUIT COURT CLERK
BY _____ D.C.

**Docket No.** CT-1770-19
**Div.** VI
**JURY DEMANDED**

---

## COMPLAINT FOR DAMAGES

---

**COMES NOW** the Plaintiff, Bryan Williams ("Plaintiff"), by and through counsel of record, and files this Complaint for damages against the Defendant H.H. Brown Shoe Company, Inc., doing business as Carolina Shoe Company (hereinafter "Carolina Shoe Co." or "Defendant"). In support of his cause, Plaintiff would show unto the Court as follows:

### PARTIES

1.     Plaintiff Bryan Williams is an adult citizen of Memphis, Shelby County, Tennessee.

2.     H.H. Brown Shoe Company, Inc. doing business as Carolina Shoe Co. is a Delaware Corporation with its principal address at 124 West Putnam Ave., Greenwich, Connecticut 06830. H.H. Brown Shoe Company, Inc. doing business as Carolina Shoe Co. may be served with process by serving its Registered Agent United Corporate Service, Inc. at 874 Walker Rd, Ste C, Dover, Delaware 19904 or its Registered Agent J. Scott Bohling at 275 Greenwich Avenue, Apartment 2B, Greenwich, Connecticut 06830.


DEFENDANT'S
EXHIBIT
A

## JURISDICTION & VENUE

3.    The jurisdiction of this Court is invoked pursuant to Tenn. Code Ann § 16-10-101.

4.    Venue is proper in this Court pursuant to Tenn. Code Ann. §§ 20-4-101 *et seq.* as all of the acts or omissions complained of occurred in Shelby County, Tennessee.

5.    This case has been filed in a timely manner within one year from the date of the incident which is the subject of this cause of action.

6.    At all times relevant hereto, the Defendant was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling CA 9582 – 8-inch Waterproof Non-Metallic Internal Metguard Boots ("Metguard Boots").

7.    At all times relevant hereto, the Defendant transacted, solicited, and conducted business in the State of Tennessee, thereby availing itself of the benefits of transacting business in Tennessee – which include deriving substantial revenue from such business.

8.    At all times relevant hereto, the Defendant expected or should have expected that its acts would have consequences within the state of Tennessee.

## STATEMENT OF FACTS

9.    At all times relevant hereto, Plaintiff was an employee of Federal Express ("FedEx").

10.    At all times relevant hereto, Plaintiff's job duties and responsibilities at FedEx included moving packages and via equipment provided by FedEx which, *inter alia* included dollies.

2

11.   Due to the nature of Plaintiff's duties and responsibilities at FedEx in moving packages, Plaintiff purchased a pair of Metguard Boots to prevent injuries to his feet.

12.   The Metguard Boots purchased by Plaintiff were advertised by the Defendant as meeting the ASTM Standards for compression and impact testing rating of I-75/C-75.

13.   On or about April 24, 2018, while at work and wearing the pair of Metguard Boots he purchased, Plaintiff's left foot was struck by the handle of a dolly.

14.   The impact from the handle of the dolly compressed the Metguard boot causing significant damage and injury to Plaintiff's left foot.

15.   The impact from the handle on Plaintiff's left foot did not exceed the Metguard Boots' compression and impact testing rating of I-75/C-75.

16.   The Metguard Boots Defendant advertised as a safety boot failed to protect Plaintiff's foot in a manner reasonably expected and in light of their nature and intended function for a compression and impact testing rating of I-75/C-75.

17.   As a direct result and proximate consequence of Plaintiff's Metguard Boots' failing to perform in a manner reasonably expected in light of their nature and intended function for a compression and impact testing rating of I-75/C-75 the impact of the handle of the dolly with Plaintiff's left foot caused severe trauma and damage to his left great toe resulting in its amputation.

## CAUSES OF ACTION

### COUNT I: PRODUCT LIABILITY

18.   Plaintiff incorporates by reference all preceding paragraphs and allegations as if fully set forth herein.

3

19.    The Metguard Boots are tangible objects or goods produced.

20.    The Metguard Boots are a "product," as that term is defined by Tenn. Code Ann. § 29-28-102(5).

21.    At all times relevant hereto, the Defendant was responsible for designing, developing, manufacturing and/or selling the Metguard Boots.

22.    At all times relevant hereto, Defendant was the Metguard Boots' "manufacturer," as that term is defined by Tenn. Code Ann. § 29-28-102(4).

23.    At all times relevant hereto, Defendant was the Metguard Boots' "seller," as that term is defined by Tenn. Code Ann. § 29-28-102(7).

24.    At all times relevant hereto, the Metguard Boots failed to perform in a manner reasonably expected, in light of their nature and intended function when they failed and resulted in Plaintiff's injuries.

25.    At all times relevant hereto, the Metguard Boots were not misused post-sale before they failed to comply with their compression and impact testing rating of I-75/C-75.

26.    At all times relevant hereto, the Metguard Boots were within their anticipated useful life when they failed to comply with their compression and impact testing rating of I-75/C-75.

27.    At all times relevant hereto, the Metguard Boots' failure was such that would not have occurred in the absence of a design defect and/or unreasonably dangerous condition within it.

28.    At all times relevant hereto, the Metguard Boots' failure was such that would not have occurred in the absence of a manufacturing defect and/or unreasonably dangerous condition within it.

29.    At all times relevant hereto, the Metguard Boot's failure was such that would not have occurred in the absence of a marketing defect or unreasonably dangerous condition within it, as the Metguard Boots failed to provide a proper warning label or instructions to help consumers, including Plaintiff, avoid injury.

30.    At all times relevant hereto, the Metguard Boots were unreasonably dangerous and/or defective in that a reasonably prudent manufacturer would not have put it in the market assuming that manufacturer knew of its dangerous and/or defective condition.

31.    At all times relevant hereto, the Metguard Boots were unreasonably dangerous and/or defective in that a reasonably prudent seller would not have put it in the market assuming that seller knew of its dangerous and/or defective condition.

32.    At all times relevant hereto, Defendant knew or should have known that the Metguard Boots were unreasonably dangerous and/or defective.

33.    At all times relevant hereto, the Metguard Boots' unreasonably dangerous condition and/or defect proximately caused Plaintiff's injuries in violation of the Tennessee Products Liability Act of 1978, Tenn. Code Ann. §§ 29-28-101 *et seq.*

## COUNT II: NEGLIGENCE

34.    Plaintiff incorporates by reference all preceding paragraphs and allegations as if fully set forth herein.

35.    At all times relevant hereto, Defendant owed a duty to Plaintiff to use reasonable care in the development, design, manufacture, packaging, labeling, testing, marketing, advertisement, inspection, distribution, provision of warnings and instructions, and sale of the Metguard Boots.

36.    At all times relevant hereto, Defendant breached said duty and is guilty of one or more of the following negligent acts and/or omissions:

a.  Failing to use due care in the development, design, formulation, manufacturing, labeling, testing, assembly, marketing, advertising, inspection, sale and/or distribution of the Metguard Boots;

b.  Failing to provide adequate and proper warnings to the public and to Plaintiff of the dangerous and/or defective propensities of the Metguard Boots;

c.  Failing to adequately prevent, identify, mitigate, and fix defective designs and hazards associated with the Metguard Boots;

d.  Failing to notify and warn the public including Plaintiff of reported incidents involving injuries from the Metguard Boots;

e.  Failing to make timely and adequate corrections to the manufacture, design and formulation of the Metguard Boots; and

f.  Failing to use due care in the testing, formulation, inspection, distribution, sale and instructions regarding the Metguard Boots at all times prior to Plaintiff' injuries.

37.    As a result of the material breaches by Defendant of its duties to Plaintiff, individually and/or collectively, Plaintiff suffered injuries.

38.     At all times relevant hereto, the foregoing acts of negligence by Defendant were each a direct and proximate cause of or contributing factor to the incident described herein and the concomitant damage to the Plaintiff.

39.     At all times relevant hereto, Defendant knew or should have known from their studying and testing, the unreasonably dangerous and/or defective condition of the Metguard Boots.

40.     At all times relevant hereto, Plaintiff's damages and injuries are the legal and proximate result of the negligent actions of Defendant.

## COUNT III: BREACH OF EXPRESS WARRANTY

41.     Plaintiff incorporates by reference all preceding paragraphs and allegations as if fully set forth herein.

42.     At all relevant times hereto, Defendant was the seller of the Metguard Boots.

43.     At all times relevant hereto, Defendant made express representations to the consuming public, including Plaintiff, through its marketing, advertising campaigns, and labeling regarding the Metguard Boots' safety and compression and impact testing ratings.

44.     At all times relevant hereto, Plaintiff was induced to purchase the Metguard Boots by Defendant's marketing, advertising campaigns, and labeling regarding the Metguard Boots' safety and compression and impact testing ratings

45.     At all times relevant hereto, Defendant's express representations to the consuming public, including Plaintiff, through its marketing, advertising campaigns, and labeling regarding the Metguard Boots' safety and compression and impact testing ratings were false.

46.   At all times relevant hereto, the Metguard Boots did not conform to the express representations made by Defendant.

## COUNT III: BREACH OF IMPLIED WARRANTY

47.   Plaintiff incorporates by reference all preceding paragraphs and allegations as if fully set forth herein.

48.   At all relevant times hereto, Defendant was a seller who deals in the type of boots purchased by Plaintiff.

49.   At all times relevant hereto, the Metguard Boots did not conform to its compression and impact testing rating of I-75/C-75.

## INJURIES AND DAMAGES

50.   Plaintiff incorporates by reference all preceding paragraphs and allegations as if fully set forth herein.

51.   As the direct and proximate result of the Defendants' negligence, breach of duty and failed acts or omissions by Defendant, Plaintiff endured the following damages:

a.   Physical pain, trauma and suffering, past, present, and future;

b.   Gangrene of the left great toe;

c.   Amputation of the left great toe;

d.   Permanent impairment;

e.   Psychological injury, past, present and future;

f.   Mental and emotional anguish, past, present, and future;

g.   Medical Expenses, past, present, and future;

h.   Lost wages; and

i.   Other damages as allowed under the law or in equity.

## AD DAMNUM

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays for judgment against Defendant and prays as follows:

a. That process issue and be served upon the Defendant, and that the Defendant be required to answer in a timely manner or have the allegations herein be deemed admitted and a default judgment entered;

b. That the Plaintiff be awarded compensatory damages in an amount of three million dollars;

c. That the Plaintiff reserve the right to amend this pleading based upon the proof adduced during discovery in this cause;

d. That the Plaintiff be awarded all pre-judgment and post-judgment interest on all verdicts or recoveries;

e. Jury trial; and

f. All other appropriate relief to which the Plaintiff may be entitled.

Respectfully Submitted,

THE SPENCE LAW FIRM, PLLC

Robert L. J. Spence, Jr. (BPR #12256)
Jerrick D. Murrell (BPR #34368)
Brinkley Plaza: 80 Monroe Ave.
Garden Suite One
Memphis, Tennessee 38103
(901) 312-9160
(901) 521-9550 Facsimile

*Attorneys for the Plaintiff*